[No. 37128. Department One. July 23, 1964.]

JAMES MAR, *as Administrator, Appellant,* v. WASHINGTON MUTUAL SAVINGS BANK, *Respondent.*\*

*Merges, Brain & Hilyer* (*Edwards E. Merges,* of counsel), for appellant.

*Garvin, Ashley & Foster, Louis H. Pepper,* and *Daniel J. Riviera,* for respondent.

ROSELLINI, J.—This action was brought by the administrator of the estate of Lai Mar, deceased, to obtain funds of the deceased which were deposited in the defendant bank. The defense was that a cashier's check had been issued, at the request of the deceased, for the amount on deposit and had not been presented for payment. The defendant expressed willingness to pay over the funds if it was furnished with a bond to indemnify it against loss in any possible future suit on the check.

The trial court found that James Mar had lost the unendorsed check, and that Lai Mar was in a coma when the check was lost and never regained consciousness. It also found that there was a possibility that the defendant would be subjected to a suit on the check and refused to

\*Reported in 394 P. (2d) 367.

order payment of the check unless an indemnity bond was furnished by the administrator.

■ It is claimed on appeal that the trial court erred in refusing to order the bank to pay without indemnification. Several arguments are made in support of the plaintiff's contention that the check could not be presented for payment in the future. However, the plaintiff concedes the rule to be that an indemnity bond is generally required to protect one paying a negotiable instrument against the possibility of its turning up in the hands of an innocent holder for value. Authorities cited, with which we are in agreement, are *Steeple v. Max Kuner Co.*, 121 Wash. 47, 208 Pac. 44, and 3 R.C.L. 1203, 1289, 1338. It seems to be the plaintiff's theory that since the check was not *negotiated* at the time it was lost, it was not a negotiable instrument. In this he is mistaken.

RCW 62.01.001 defines a negotiable instrument as follows:

"An instrument to be negotiable must conform to the following requirements:

"(1) It must be in writing and signed by the maker or drawer;

"(2) Must contain an unconditional promise or order to pay a sum certain in money;

"(3) Must be payable on demand, or at a fixed or determinable future time;

"(4) Must be payable to order or to bearer; and,

"(5) Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

The cashier's check in question concededly met all of these requirements. As is said in 11 Am. Jur. (2d), Bills and Notes § 2

"  .  .  .

"The term 'negotiable' signifies that a paper possesses the quality and requisites of negotiability, which are fixed at the time of execution and exist prior to the performance of any necessary ceremony of the process of negotiation. Negotiability turns entirely upon the form of the instrument and the terms in which it is expressed.  .  .  ."

In refusing to order the defendant to pay over the funds which it holds, unless an indemnity bond is furnished, the

trial court was applying the well-established rule of law which protects the innocent drawer of a negotiable instrument that has been lost, whether or not it was endorsed by the payee.

The judgment is affirmed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.

September 21, 1964. Petition for rehearing denied.